UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2751 PA (PVCx) | Date | July 1, 2022 |
|---|---|---|---|
| Title | Johan Neerman et al v. Jeff Cates et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

The Court is in receipt of the Complaint filed by plaintiffs Johan Neerman and Olha Pavlenko (collectively "Plaintiffs") against defendants Jeff Cates, Matt Grunseich, Joshua Comstock, Randell Young, Matt Brass, Mark Sparrow, Andrew Lechard, Oicth Upfront LLC, Playsav Corporation, Bank of America, N.A., Namecheap, Inc. (collectively "Defendants"). The Complaint alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2751 PA (PVCx) | Date | July 1, 2022 |
|---|---|---|---|
| Title | Johan Neerman et al v. Jeff Cates et al. | | |

2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

In support of its allegation that this Court possesses diversity jurisdiction over this action, the Complaint alleges that defendant: Randell Young "is an individual residing at 2910 Bonanza Orange, San Clemente, CA. 92673;" Matt Grunseich "is an individual residing at 4403 Canehill Ave. Lakewood, CA. 90713;" Mark Sparrow "is an individual residing at 865 WC RANCH RD, WILLOW CITY, TX, 78675;" Jeff Cates "is an individual residing at 84 Pinnacle Ridge Rd. #7 Sandpoint, ID. 83864;" Joshua Comstock "is an individual residing at 421 Larkspur St.Ste. D, Ponderay, ID. 83852;" Matt Brass "is an individual residing at 427 S. Marion Sandpoint, ID 83864;" Andrew Lechard "is an individual residing at 7144, Cr. 201, Centersburg OH. 43011;" Oicth Upfront LLC "is a Corporation with registered address at 534 Ponderay, ID. 83852-0534;" Playsav Corporation "is a Corporation with registered address at 534 Ponderay, ID. 83852-0534;" Bank of America, N.A., "is a Delaware corporation [] pervasively present in California State and in this judicial district;" and Namecheap, Inc. "is a Delaware corporation with a principal place of business at 11400 West Olympic Boulevard, Suite 200, Los Angeles, California 90302." (Compl. ¶¶ 15-27.)

Because residence is not the same as domicile or citizenship, the Complaint's allegations of the individual defendants' residence are insufficient to properly allege the citizenship of the individual defendants. Additionally, the Complaint does not properly allege the citizenship of the defendant entities of various corporate forms. See also, Rolling Greens MHP L.P.v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020 (11th Cir. 2004) (to sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership). Specifically, the Complaint alleges the citizenship of the LLC defendant, Oicth Upfront LLC, as if it were a corporation, rather than a limited liability company. For other business entities, Playsav Corporation and Bank of America, N.A., the Complaint has not properly alleged the state of incorporation and/or principal place of business. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. As a result, Plaintiffs' allegations are not sufficient to invoke this Court's diversity jurisdiction.

Accordingly, the Court dismisses Plaintiffs' Complaint for lack of subject matter jurisdiction. A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiffs leave to amend the Complaint to establish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2751 PA (PVCx) | Date | July 1, 2022 |
|---|---|---|---|
| Title | Johan Neerman et al v. Jeff Cates et al. | | |

federal subject matter jurisdiction. Plaintiffs' First Amended Complaint, if any, is to be filed by July 18, 2022. The failure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice.

    IT IS SO ORDERED.