UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2751 PA (PVCx) | Date | October 7, 2022 |
|---|---|---|---|
| Title | Johan Neerman, et al., v. Jeff Cates, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

On September 22, 2022, the Court issued two Orders to Show Cause Re: Dismissal for Lack of Prosecution ("Orders").

In the first Order (Dkt. 46), the Court required Plaintiffs to show cause, in writing, why this action should not be dismissed for lack of prosecution as to Defendants Matt Grunseich, Oicth Upfront LLC, Playsav Corporation, thecyberworld.org, bmswebsecurity.com, cybercertconsultants.com, 100bots.com, thetechdealer.com, theinternettycoon.com, ourtechfriend.com, hireadeveloper.org, ceocapnet.com, sawadcorppcl.com, greenanins.com, zhejiangwuyircbank.com, Sarah Huera, Allene Lewis, Chuck Ingber, Florentine Young, Cryptocashfast LLC, Fire Monkey LLC, and Deep Foundation Services, Inc.

In the second Order (Dkt. 47), the Court required Plaintiffs to show cause, in writing, why this action should not be dismissed for lack of prosecution as to Defendants Jeff Cates, Joshua Comstock, Randell Young, Matt Brass, Mark Sparrow, Andrew Lechard, Bank of America, N.A., and Namecheap, Inc.

Plaintiffs' Response indicates that, still, not all Defendants have been properly served with Plaintiffs' Second Amended Complaint. "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Contrary to Plaintiffs' assertion in their Response, this 90-day requirement is in fact based on the date of the filing of Plaintiffs' original Complaint, not the date(s) of filing of the Amended Complaint(s). See Graff v. CitiMortgage, Inc., No. CV173439FMOPJWX, 2017 WL 10544348, at *1 (C.D. Cal. Sept. 1, 2017) ("The filing of an amended complaint does not vitiate the failure to serve the original complaint within [90] days of filing it under Fed. R. Civ. P. 4(m); a party must make a diligent effort to serve the original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2751 PA (PVCx) | Date | October 7, 2022 |
|---|---|---|---|
| Title | Johan Neerman, et al., v. Jeff Cates, et al. | | |

complaint, or some amended version thereof, within [90] days of filing the original complaint." (quotation and citation omitted)).

Here, Plaintiffs' filed their original Complaint on April 25, 2022. Thus, the 90-day deadline to serve all Defendants has long passed. However, Fed. R. Civ. P. 4(m) allows the Court to extend this 90-day deadline "for an appropriate period" upon a showing of "good cause." Given that the Court ordered Plaintiffs to file the Amended Complaints to properly allege that the Court possesses subject matter jurisdiction over this action, and they are appearing pro se, the Court finds good cause to extend the deadline for Plaintiffs' to serve all Defendants with the Summons and Second Amended Complaint to November 15, 2022.

The Court Orders Plaintiffs to file proofs of service for all Defendants they serve with the Summons and Second Amended Complaint by no later than November 15, 2022, and for any Defendant that they fail to serve with the Summons and Second Amended Complaint, the Court orders Plaintiffs to show cause, in writing, why this action should not be dismissed as to any Defendant who has not been served with the Summons and Second Amended Complaint by that date. Failure to file the proofs of service as instructed by the Court may result in the imposition of sanctions, including but not limited to dismissal of any unserved Defendants without prejudice.

Finally, to the extent that Plaintiffs' Response requests authorization from the Court to use alternative service methods to serve certain Defendants, that request is procedurally improper. Any affirmative relief Plaintiffs may seek from the Court must be sought through a noticed motion or other filing in a manner authorized by the Local Rules. See, e.g., Local Rule 6-1 ("Unless otherwise provided by rule or order of the Court, no oral motions will be recognized and every motion shall be presented by written notice of motion.").

IT IS SO ORDERED.