UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2751 PA (PVCx) | Date | December 8, 2023 |
|---|---|---|---|
| Title | Johan Neerman, et al., v. Jeff Cates, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Lynnie Fahey | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS

    Pursuant to Local Rule 16 and this Court's Civil Trial Scheduling Order, the parties were required to file certain pretrial documents with the Court by December 1, 2023, including, but not limited to, the Proposed Joint Pretrial Conference Order, Pretrial Exhibit Stipulation, Exhibit and Witness Lists, Contentions of Fact and Law, Jury Instructions, Verdict Forms, and a Status Report Regarding Settlement.  (See Docket Nos. 117, 121.)  This Court's Civil Trial Scheduling Order specifically warns that "[t]he failure to attend the pretrial conference or to submit in conformity with this order, the jury instructions, pre-trial exhibit stipulation, joint statement of the case, voir dire questions, summary of witness testimony and times estimates, proposed Pretrial Conference Order or the memorandum of contentions of fact and law may result in the dismissal of the action, striking the answer and entering default and/or the imposition of sanctions."  (Docket No. 121 at p. 11.)  To date, no pretrial documents have been filed in this action despite the expiration of the deadline to do so.

    Plaintiffs Johan Neerman and Olha Pavlenko Neerman (collectively, "Plaintiffs") have not complied with or responded to any of the Court's orders in the past six months.  For instance, Plaintiffs failed to respond to the Court's May 25, 2023 order to show cause why they should not be sanctioned for the untimely filing of the parties' Joint Scheduling Report, and failed to comply with the Court's September 19, 2023 order imposing sanctions.  (See Docket Nos. 119, 123, 127, 129.)  Plaintiffs also did not respond to the Court's August 4, 2023 order to show cause why Plaintiffs' claims asserted against two of the defendants in this action should not be dismissed for lack of prosecution.  (See Docket Nos. 125–26.)  The Court has warned Plaintiffs numerous times that failure to comply with Court orders may result in the dismissal of this action without prejudice.

    Dismissal is appropriate here because the parties have failed to comply with the Court's Civil Trial Scheduling Order and because Plaintiffs have failed to adequately prosecute this action and comply with multiple Court orders.  Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2751 PA (PVCx) | Date | December 8, 2023 |
|---|---|---|---|
| Title | Johan Neerman, et al., v. Jeff Cates, et al. | | |

comply with these rules or a court order." Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Mar. Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41—that defendant "may" move for dismissal—does not limit the Court's ability to dismiss an action sua sponte where the defendant does not move for dismissal. Link, 370 U.S. at 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. Cal. Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Id. (citations omitted).

Here, in assessing the first and second Henderson factors, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Moreover, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. "Unreasonable delay is the foundation upon which a court may presume prejudice." Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000). Risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. See id. at 642 (citing Yourish, 191 F.3d at 991).

In considering the fourth and fifth Henderson factors, this Court's Civil Trial Scheduling Order, as noted above, warned the parties that the failure to submit the required pretrial documents could result in the dismissal of this action. Despite this warning, the parties failed to submit any pretrial documents by the date set by the Court. The public policy favoring the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2751 PA (PVCx) | Date | December 8, 2023 |
|---|---|---|---|
| Title | Johan Neerman, et al., v. Jeff Cates, et al. | | |

disposition of cases on their merits ordinarily weighs against dismissal.  See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).  However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Here, Plaintiffs have failed to discharge their responsibility to prosecute this action and failed to comply with multiple Court orders, despite the Court's express warnings that failure to comply may result in the dismissal of this action.  It therefore appears that Plaintiffs have abandoned this action.  Additionally, the Court intends to dismiss this action without prejudice.  Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

As a result of the parties' violation of the Court's Civil Trial Scheduling Order, and Plaintiffs' failure to prosecute this action and comply with multiple Court orders, this action is dismissed without prejudice.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.  The Final Pretrial Conference scheduled for December 15, 2023, and the Trial scheduled for January 9, 2024, are vacated.  The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.